## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PAULETTE M. BAILEY,

      Plaintiff,

v.                                                                        CIV No. 14-1125 LH/KBM

SUPERIOR COURT OF NEW JERSEY,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
## WITHOUT PREPAYING FEES OR COSTS AND DISMISSING CASE

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2, filed December 12, 2014) ("Application to proceed IFP").   For the reasons stated below, the Court will **GRANT** Plaintiff's Application to proceed IFP and **DISMISS** this case **without prejudice.**

**Application to Proceed IFP**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied.   If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58,

60 (10th Cir. 1962).   "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status."   *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).

The Court will grant Plaintiff's Application to proceed IFP.   Plaintiff signed an affidavit in support of her application in which she declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding her income is true.   Plaintiff states that: (i) her average monthly income during the previous year was $211.00; (ii) she has no cash; (iii) she has no money in bank accounts or in other financial institutions; (iv) she owns no assets; and (v) her average monthly expenses are $832.00.   Because Plaintiff's monthly expenses exceed her monthly income, the Court concludes that Plaintiff is unable to prepay the fees and costs of this proceeding.

**The Complaint**

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief."   *See* 28 U.S.C. § 1915(e)(2).   "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."   *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).   "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."   *Id.*   The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief,

2

i.e. the factual allegations must be enough to raise a right to relief above the speculative level.   *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Plaintiff filed her civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the Superior Court of New Jersey violated her due process rights by improperly serving process, violated child support enforcement laws, and prevented her from obtaining a passport.   Plaintiff seeks monetary relief in the amount of $480,000.00.

The Court will dismiss this case without prejudice because the Superior Court of New Jersey is an arm of the State of New Jersey and, therefore, is immune from § 1983 damages suits. *See Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.").

The only actions Plaintiff complains of were taken in the course of judicial proceedings in the Superior Court of New Jersey.   It would be futile to allow Plaintiff to amend her complaint to name any judges or court staff of the Superior Court of New Jersey as defendants because any judges and court staff of the Superior Court of New Jersey are entitled to judicial immunity.   *See Sawyer v. Gorman*, 317 Fed.Appx. 725, 727-728 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)) ("[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction," "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved.   Absolute judicial immunity has thus been extended to non-judicial officers,

like clerks of court, where their duties had an integral relationship with the judicial process.").

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court

Without Prepaying Fees or Costs (Doc. 2, filed December 12, 2014) is **GRANTED.**

**IT IS ALSO ORDERED** that this case is **DISMISSED without prejudice**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

4